UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CR-00011(2) |
|  | : |  |
|  | : |  |
|  | : | **OPINION AND ORDER** |
| v. | : |  |
|  | : |  |
|  | : |  |
| ASHFAQUE PATEL. | : |  |
|  | : |  |
|  | : |  |

This matter is before the Court on Defendant's Motion to Withdraw Plea Pursuant to Crim. R. 11(d)(2)(B) (doc. 47), and the government's Memorandum in Response (doc. 50). The Court heard oral arguments on this matter on October 18, 2006. For the reasons stated herein, the Court DENIES Defendant's motion.

**I. Discussion**

On August 1, 2006, Defendant entered a guilty plea before this Court on a charge of conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (doc. 49). The plea was entered pursuant to a plea agreement reached between Defendant and the United States (Id.). On August 30, 2006, Defendant filed the present motion, moving the Court for leave to withdraw the August 1, 2006 plea (doc. 47).

**A. Applicable Legal Standard**

Rule 11(d)(2)(B) gives the Court discretion to allow a defendant to withdraw a plea of guilty if that defendant has demonstrated a "fair and just" reason. The Court is to assess seven

factors in making this determination:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has had prior experience with the criminal justice system, and
>
> (7) any potential prejudice to the government if the motion to withdraw is granted.

United States v. Bashara, 27 F.3d 1174 (6th Cir. 1994).

**B. Parties' Arguments**

Defendant believes that in light of these factors, his request to withdraw his plea should be granted (doc. 47). Defendant states that although the present motion was not filed until August 30, 2006, he contacted his attorney on August 9, 2006 and indicated his desire to withdraw his plea (Id.). Counsel for Defendant represents to the Court that due to a scheduled family trip and full trial schedule, August 30, 2006, was the first opportunity Counsel had to file the present motion (Id.). In chief, Defendant requests this action because he feels that he is innocent and is being unfairly prosecuted (Id.). Specifically,

-2-

Defendant believes that he should be allowed to withdraw his plea because he cooperated with his employer and the government in securing convictions against at least eight other individuals involved in this conspiracy (Id.). Defendant maintains that there is no prejudice to the government in allowing Defendant to withdraw his plea because the alleged criminal activities ended in 2000 and at least ten other individuals were prosecuted in 2001 (Id.). Furthermore, Defendant claims that he has never left the jurisdiction of this Court and therefore is not a risk to flee prosecution (Id.). Finally, Defendant states that he was unprepared to face charges as serious as this and cannot live with the belief that he is wrongly accused (Id.).

        To the contrary, the government maintains that the Bashara factors weigh in the government's favor, and Defendant's motion should be denied (doc. 50). The government cites to case law where various courts have held that a period of 22 days or more between a guilty plea and a motion to withdraw such plea warrants a denial of that motion (Id., citing, among others, United States v. Carr, 740 F.2d 339 (5th Cir. 1984), United States v. Goldberg, 862 F.2d 101, 104 (6th Cir. 1988)). The government maintains that the thirty days between Defendant's guilty plea and the filing of the present motion was beyond a reasonable time period (Id.). Furthermore, the government states that Defendant has admitted his guilt to investigating officers, in a written plea agreement with the United States, and to the Court under oath with the representation of counsel (Id.). The government points out that the

-3-

Defendant does not now claim that he is innocent, but that he only "feels he is innocent" (<u>Id</u>.). The government further states that all precautions were taken, both by the government and the Court, to ensure that Defendant entered his guilty plea knowingly and voluntarily (<u>Id</u>.). The government points to Defendant's education, work history, and prior experience with the justice system as factors that militate against granting Defendant's motion (<u>Id</u>.). Finally, the government argues that given the age of the case, nature of the offense, and the location of the various witnesses, it would be difficult for the United States to prepare for trial, and the government would be prejudiced if this motion was granted (<u>Id</u>.).

**C. Analysis**

The Court has thoroughly reviewed the briefing, as well as the arguments of counsel during the October 18, 2006 hearing, and finds the government's position well-taken. It strikes the Court, more than any dispute over the timing of the filing of this motion, that Defendant has failed to set forth any valid reason that would persuade the Court to allow him to withdraw his plea. Defendant maintained to this Court both in testimony and in writing through his plea agreement that he was indeed guilty of the crime he plead guilty to (docs. 49, 37). Defendant does not allege any wrongdoing on the part of the Court, the government, or his attorney in inducing him to plead guilty, and does not dispute the underlying facts of the conspiracy that he admitted to this Court (doc. 47). Defendant is a well-educated person who made the informed

-4-

decision to plead guilty (doc. 50). As such, the Court finds that Defendant has no sound basis for his motion.

**II. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion to Withdraw Plea Pursuant to Crim. R. 11(d)(2)(B) (doc. 47).


SO ORDERED.



Dated: October 19, 2006          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge